Prendergast v. Anthony.

PRENDERGAST, ADM'R v. ANTHONY.

The Act of March 17th, 1842, (Hart. Dig. Art. 591,) had the effect to give the whole estate of an intestate without issue, in all cases, to the sole surviving parent, to the exclusion of brothers and sisters of the deceased.

Appeal from Brazos. Nancy R. Collins died intestate in 1845, leaving her mother, Mary Anthony, and several brothers and sisters surviving ; and the question was, whether the mother, to the exclusion of the brothers and sisters, was entitled to the whole of the estate of the deceased, which the latter derived from her grandfather.

*D. M. Prendergast*, for appellant. I. In giving a construction to the Act of March 17th, 1842, the Court will look to the previous legislation on the same subject, the object had in view by the Legislature, and the evil intended to be remedied. " The real intention of the Legislature, when accurately " ascertained, will always prevail over the literal sense of " terms." " Several Acts in *pari materia*, and relating to " the same subject, are to be taken together, and compared, " in the construction of them." (1 Kent, Com. 461, 463 ; 2 Pet. R. 662.)

With these general principles in view, what is the construction proper to be given to the Act of March 17th, 1842 ? Does it alter or change the 4th Section of the Act of January 28th, 1840 ?

The mode of descent and distribution, prescribed by the 7th and 8th Sections of the Act of 1840, differed from, and formed an exception to, the general provisions contained in the 4th Section of the same Act ; and it was evidently the intention of the Legislature, by the Act of March 17th, 1842, simply to remove the restrictions placed upon the particular

estates referred to in said 7th and 8th Sections, and to place them, for the purposes of partition and distribution, within the provisions of the 4th Section. If such were not the intention of the Legislature, it may be asked, in what other possible sense, the 7th and 8th Sections could be " controlled and governed by the provisions of the 4th."

Nor is it believed that the latter part of the Act of 17th March, 1842, was designed by the Legislature to be inconsistent with this understanding of the preceding portion of the Act. It seems to have been designed merely as a more positive and unequivocal expression of the legislative will, that " the surviving parent, or parents should not be excluded " (from an interest in the inheritance,) no matter in what manner the estate may have been acquired by the intestate."

" Though two statutes be seemingly repugnant, yet, if there " is no clause of *non obstante*, in the latter, they shall, if pos- " sible, have such construction, that the latter may not repeal " the former, by implication." (6 Porter, Ala. R. 231.) To give to the Act of March 17th, 1842, a different construction, and such as is contended for by the appellees, would involve the absurdity of first enacting, that the 7th and 8th Sections of the Act of January 28th, 1840, shall be controlled and governed by the provisions of the 4th Section, and at the same time and in the same sentence establishing an entirely different order of descent from that prescribed by said 4th Section. Such a construction would make the latter portion of the Act, which contains but one Section, repeal the former, and would amount to a virtual repeal, by implication, of said 4th Section.

The Court will not, most assuredly, place a construction on the Act that would produce such a radical change in the law of descents and distributions, unless such were plainly the intention of the Legislature. " A case, out of the mischief " intended to be remedied by a statute, shall be construed to be " out of the purview, though it be within the words, of the " statute." (6 Porter, R. 119 ; 6 Bac. Abr. 373.) The general expressions used in the Act, will be controlled and limited

by the legislative intention, as derived from the whole purview of the Act. (9 Bac. Abr. 247.)

As it is a well settled rule, that, where there is a discrepancy between two statutes, such construction shall be given to them, that both may stand, if possible, so *a fortiori* should an Act be so construed as to be consistent with itself, and not permit one part of it to nullify another.

II. But, even admitting that the latter portion of the Act of 17th March, 1842, was intended to modify or alter the rule of descents prescribed by the 4th Section of the Act of January 28th, 1840, it cannot, it is conceived, with any show of reason, be construed to embrace any thing more than the particular estates referred to in the 7th and 8th Sections of the Act of 1840 ; that is, estates derived from one of the parents of the deceased. Every expression in the Act has reference to said 7th and 8th Sections. In no portion of the Act is there a clause to which a more extended operation can be given. The property, in question in this case, was derived from the grandfather of the intestate, and not from one of the parents, and consequently would not be in any manner affected by the Act, under either construction.

*H. J. Jewett*, for appellee.

HEMPHILL, CH. J. Nancy R. Collins died intestate, in the year 1845, leaving her mother, Mary Anthony, and several brothers and sisters, surviving ; and the question is, whether the mother, to the exclusion of the brothers and sisters, is entitled to the whole of the estate of the deceased.

The appellant, in a very ingenious argument, has contended that the estate should be divided into two equal portions, one of which should go to the mother, and the other to the brothers and sisters, and that such is the legitimate construction of the legislation touching the subject matter. The provisions to which he has referred, in support of his position, are the

4th, the 7th and 8th Sections of the Act of 28th January, 1840, and the Act of the 17th January, 1842. (Dig. p. 216, 219.)

By the 4th Section of the Act of 1840, it is declared, in effect, that if only father or mother survive the intestate, there being no issue, his estate shall be divided into moieties, one of which shall pass to the surviving parent, and the other to the brothers and sisters of the deceased. By the 7th and 8th Sections of the same Act, it is provided, that all property of a deceased intestate without issue, derived by gift, &c., from the father, should go to the father or paternal kindred, to the exclusion of the mother; and that all property derived in like manner from the mother, should go to the mother or maternal kindred, to the exclusion of the father or paternal kindred.

The statute of the 17th January, 1842, enacts that the 7th and 8th Sections of the Act of 28th January, 1840, shall be controlled and governed by the provisions of the 4th Section of the said Act. And further, that should there be either father or mother of the intestate, surviving, instead of the estate of the intestate taking the direction indicated in the said 7th and 8th Sections, the whole shall be inherited and descend upon such surviving parent, or both, in equal moieties, should both survive; and such surviving parent or parents shall not be excluded, no matter in what manner the estate may have been acquired by the intestate.

There is great plausibility in the conclusion of the appellant, that the latter statute was designed merely to expunge the 7th and 8th Sections, of the Act of 1840, and not to alter the course of descent and distribution established by the 4th Section of the said Act, and the object of the Legislature, in declaring that those Sections should be controlled by the 4th, is not very clear, when we consider that a material alteration in that Section itself was intended. But, although this view is plausible, and is illustrated with great force by the appellant, yet we are of opinion that there is more soundness in the opposite construction, viz: that, under the Act of 1842, the sur-

viving parent is entitled to the whole estate of the deceased. The language of the statute, vesting the whole estate in the parent, is peculiarly forcible and imperative. After declaring that the 7th and 8th Sections shall be controlled by the 4th, it proceeds with the phraseology, "and further," indicating that something more is to be done—something beyond the control which the 4th should have over the 7th and 8th Sections—and then follows the positive declaration, that the whole estate should descend upon the surviving parent.

This is too clear to admit of any mistake. It is too imperative to be disregarded, or to suffer any construction which would weaken its force, or limit its operations, by the restrictions of the 4th Section. The terms are so perspicuous as not to require any interpretation.

The Legislature was determined to eradicate every vestige of the 7th and 8th Sections ; and as extremes are not unfrequent in legislation, they provided, in effect, that, instead of the surviving father or mother being excluded from any portion of the estate, they should have the whole of it; and, instead of being excluded themselves, should exclude all others from any part of the inheritance. We must suppose that the Legislature understood the force of the terms employed in this positive declaration. They may not have perceived the exact effect of the control given to the 4th, over the 7th and 8th Sections ; but, when they declare that a certain heir shall have the whole of an inheritance, their intention is too manifest for doubt, either by themselves or by the people upon whom the law is to operate. The vesting of the whole estate of a deceased intestate, without issue, in a surviving parent was not new or strange to the legislation of the country. This had always been the law previous to 1840. The provisions as well of the 4th, as of the 7th and 8th Sections of the Act of 1840, were encroachments upon the previous rules of descent and distribution ; and it was doubtless the intention of the Legislature to re-establish the law as it existed anterior to 1840. At all events, such is the effect of their Act. But

even if the construction, contended for by the appellant, was equally sound with that urged in support of the judgment, yet there is a consideration which must give preponderance to the latter; and that is, that the latter construction is the one which has been heretofore generally given to the statute. It has been so undesrtood by the community and the profession, and has been thus construed and acted upon by Courts of Justice. This construction has become a rule of property, and great confusion and mischief might arise by changing it judicially, and unsettling rights, to perhaps a vast extent, which had been understood and acted upon as being established—and rights, too, which, to say the least, were based upon the most obvious, if not the most ingenious construction of the laws of the country.

We are of opinion that there is no error in the judgment; and that it be affirmed.

Judgment affirmed.